UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FIRST SYMETRA NATIONAL LIFE INSURANCE COMPANY OF NEW YORK,<br><br>                      Plaintiff,<br><br>v.<br><br>TARA LIPINSKY and J.R., a minor child, by his custodial parent and natural legal guardian, TARA RYBA-CASTRO,<br><br>                      Defendants. | 25 Civ. 344 (DEH)<br><br>**MEMORANDUM**<br>**OPINION AND ORDER** |

DALE E. HO, United States District Judge:

Plaintiff First Symetra National Life Insurance Company of New York ("First Symetra") brings this action against Defendants Tara Lipinsky and J.R., a minor child, by his custodial parent and natural legal guardian, Tara Ryba-Castro. Before the Court is First Symetra's Amended Motion for Interpleader, Discharge, and Permanent Injunction ("the Interpleader Motion"), ECF No. 24. The Interpleader Motion seeks an Order from this Court:

(a) granting interpleader relief to First Symetra regarding the benefit payable related to the death of William C. Ryba under First Symetra group policy number 24 000108 00;

(b) directing First Symetra to pay the Benefit into the Registry of this Court;

(c) discharging First Symetra from all liability to the defendants in connection with the Benefit and the Symetra Policy;

(d) holding that First Symetra is entitled to recover from the Benefit its reasonable attorneys' fees, in an amount to be determined in a future submission;

(e) dismissing First Symetra from this action following resolution of its request for attorneys' fees; and

(f) ordering such other and further relief as the Court deems fair and equitable.

Pl.'s Mem. Supp. Mot. Interpleader, Discharge, and Permanent Injunction ("Pl.'s Mem.") at 1, ECF No. 25. For the reasons discussed herein, Plaintiff's Interpleader Motion is **GRANTED IN**

**PART AND DENIED IN PART**.  Specifically, the Interpleader Motion is granted in all respects except to the extent that it requests attorney's fees, which the Court denies as moot.

## BACKGROUND

This case concerns a life insurance policy.  A claim for the benefit has been made by the decedent's wife, but the insurance company alleges a reasonable fear of double liability arising from a possible claim by one of the decedent's children from a previous marriage.

Effective October 1, 2017, First Symetra issued group life insurance policy No. 24 000108 00 (the "First Symetra Policy") to The Trustees of the Active Health and Welfare Fund of COBA of the City of New York (the "Trustees"), to ensure a $200,000 death benefit for participants in an employee welfare benefit plan (the "Plan"), including William C. Ryba, the decedent in this case. *See* Compl. ¶¶ 1, 7-8.  In or about August 2021, Mr. Ryba applied for Portability Continuation of Group Term Life Insurance for his coverage under the Plan, naming his wife Defendant Tara Lipinsky as the sole beneficiary of the $200,000 Plan benefit.  *See id.* ¶¶ 9-10.  Mr. Ryba was subsequently "issued a Certificate for Portability Continuation Insurance, continuing his participation in the Plan."  *Id.* ¶ 9.  Mr. Ryba died on or around April 19, 2023.  *See id.* ¶ 11. "Pursuant to the Plan's terms the Decedent qualified for a death benefit in the amount of $200,000 payable under the Plan."  *Id.* ¶ 12.

"In or around May 2023, First Symetra received completed Beneficiary Statements from Lipinsky seeking payment of the death benefits under the Symetra Policy."  *Id.* ¶ 13.  Around the same time, First Symetra received a letter from Mr. Ryba's ex-wife, Tara Ryba-Castro, "stating that she was the Decedent's ex-wife and mother of a minor child, [J.R.], whose father was the Decedent."  *Id.* ¶ 14.  Ms. Ryba-Castro "included with her letter a copy of a Stipulation of Settlement in her divorce from the Decedent, which provided that the Decedent promised to keep in full force life insurance in the minimum amount of $200,000 for the benefit of [J.R.]," as well

as "a copy of a Judgment of Divorce between the Decedent and Ryba entered in Supreme New York: Queens County in September 2012, which ordered that the Stipulation of Settlement was incorporated by reference, survived the Judgment and that the parties were required to comply with it." *Id.* ¶¶ 16-17. Symetra was also informed that the Decedent had a separate life insurance policy "issued by non-party American Family Life Assurance Company of New York ("AFLACNY") with a face amount of $200,000," (the "AFLACNY Policy"), and that this policy "named [Ms. Ryba-Castro] as beneficiary, but that Ryba's divorce from the Decedent may have nullified that designation by operation of law." *Id.* ¶ 18.

"In August 2023, Symetra wrote to Lipinsky to advise her that it was delaying payment of any benefit to her under the Symetra Policy pending receipt of documented proof that Ryba received the benefit under the AFLACNY Policy in satisfaction of the Stipulation of Settlement." *Id.* ¶ 19. "Symetra did not receive such proof." *Id.* ¶ 20. In October 2023, it received a letter from counsel for Defendant J.R. and Ms. Ryba-Castro stating that they "will not take a position on any policy issued by Symetra," but they did not waive any claim on the First Symetra Policy benefit at that time. *Id.* ¶ 21.

First Symetra subsequently initiated this action on January 14, 2025. It then filed an Interpleader Motion on April 7, 2025, ECF No. 19, followed by an Amended Interpleader Motion on April 14, 2025, ECF No. 24. That Motion is now fully briefed before the Court. In its Reply brief, First Symetra withdrew its request for attorneys' fees. *See* Pl.'s Reply in Supp. of Interpleader Mot. ("Reply") at 1, ECF No. 40.[1]

---

[1] In his Answer, J.R. also filed a crossclaim against Ms. Lipinsky, *see* ECF No. 17, which Ms. Lipinksy moved to dismiss, *see* ECF no. 29. Both the crossclaim and the motion to dismiss it were withdrawn by stipulation. *See* ECF No. 44.

## DISCUSSION

### A.   Applicable Legal Standards in Interpleader Actions

An "interpleader is designed to protect stakeholders from undue harassment in the face of multiple claims against the same fund, and to relieve the stakeholder from assessing which claim among many has merit." [2] *Fidelity Brokerage Servs., LLC v. Bank of China*, 192 F. Supp. 2d 173, 177 (S.D.N.Y. 2002) (citing *Washington Elec. Coop. v. Paterson, Walke & Pratt, P.C.*, 985 F.2d 677, 679 (2d Cir. 1993)).   Courts typically engage in a two-step process when presented with an interpleader action. *Id* at 178.   First, "a court must determine whether the interpleader action is appropriate, and, if it finds that the action it is appropriate, the plaintiff will be discharged from liability." *Metro. Life Ins. Co. v. Mitchell*, 966 F. Supp. 2d 97, 102 (E.D.N.Y. 2013) (citing *New York Life Ins. Co. v. Conn. Dev. Auth.*, 700 F.2d 91, 95 (2d Cir. 1983)).   Second, "the court adjudicates the claims among the remaining adverse parties." *Id.*   To resolve Plaintiff's Motion this Court need only consider the first step of this process.

"[T]he appropriateness of an interpleader action rests on whether the plaintiff has a real and reasonable fear of double liability or vexatious, conflicting claims against the single fund, regardless of the merits of the competing claims." *Guardian Life Ins. Co. v. Gilmore*, 45 F. Supp. 3d 310, 318–19 (S.D.N.Y. 2014) (quotation marks omitted). *See also* 28 U.S.C. § 1335(a)(1)-(2) (describing jurisdictional requirements for interpleader).   "[A] court need not analyze the merits of the claims, because the stakeholder should not be obliged at its peril to determine which of two claimants has the better claim." *Mitchell*, 966 F. Supp. 2d at 102 (citing *Fidelity Brokerage*, 192 F. Supp. 2d at 178).   "If the court is satisfied that Section 1335's requirements are met, the court

---

[2] All references to Rules are to the Federal Rules of Civil Procedure.   In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

will discharge the plaintiff from liability." *Solar Spectrum LLC v. AEC Yield Cap. LLC*, No. 18-CV-7950, 2019 WL 5381798, at *4 (S.D.N.Y. Oct. 22, 2019) (citing *New York Life Ins. Co.*, 700 F.2d at 95).

### B.      Application

Here, the parties do not dispute that First Symetra has a reasonable fear of double liability or that the jurisdictional requirements under Section 1335 have been met.  Although, to date, only one claim has been made on the First Symetra Policy benefit, Defendants do not dispute that First Symetra reasonably fears that J.R. might also make a claim, given that Mr. Ryba's divorce decree with Ms. Ryba-Castro required him to maintain life insurance in the amount of the First Symetra Policy benefit (i.e., $200,000).  And while the AFLACNY Policy seems to satisfy that requirement, the status of the benefit under that policy remains unresolved.

Instead, Defendants devote much of their respective opposition briefs to the issue of whether First Symetra is entitled to attorneys' fees.  *See* Def. Lipinksy Mem. in Opp. ("Lipinksy Opp."), ECF No. 37 (exclusively addressing the issue of attorney's fees); Def. J.R.'s Mem. in Opp. ("J.R. Op.") at 6-7 (addressing attorneys' fees issue).  But this issue is now moot given First Symetra's withdrawal of that request for relief.  *See* Reply at 1.[3]

The only remaining issue is raised by Defendant J.R., who argues that the Interpleader Motion cannot be resolved in its current posture, on the grounds that all "the proper parties are not in this case . . . ."  J.R. Opp. at 8.  Specifically, J.R. argues that AFLACNY should be joined to this case, because J.R. cannot resolve the issue of whether he has claim on the First Symetra policy until his ongoing dispute over the AFLACNY policy is resolved.  But while it is possible that resolution of the dispute over the AFLACNY in J.R.'s favor could resolve this case—*i.e.* by

---

[3] Because Plaintiff First Symetra withdraws its request for attorney's fees, that portion of its Interpleader Motion is **DENIED AS MOOT**.

leading him to disclaim any interest in the First Symetra benefit—that does not establish that *AFLACNY* is a necessary party for purposes of resolving First Symetra's claim for interpleader and release.  As the Second Circuit has explained:

> It is not enough under Rule 19(a)(2)(i) for a third party to have an interest, even a very strong interest, in the litigation. Nor is it enough for a third party to be adversely affected by the outcome of the litigation. Rather, necessary parties under Rule 19(a)(2)(i) are only those parties whose ability to protect their interests would be impaired *because of* that party's absence from the litigation.

*MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 387 (2d Cir. 2006) (emphasis in original).  AFLACNY's ability to protect its interests is not impaired in any way by its absence from this litigation, and therefore is not a necessary party to it.  J.R. argument is therefore unavailing.

In any event, there is no practical need to wait until resolution of the ongoing dispute over the AFLACNY policy to release First Symetra from this litigation now.  Any interest that J.R. might seek to press on the First Symetra benefit will not be endangered by permitting First Symetra to pay the benefit into the Registry of the Court, where it will remain pending resolution of any competing claims among the Defendants.

## CONCLUSION

For the foregoing reasons, First Symetra's Interpleader Motion is **GRANTED IN PART AND DENIED IN PART**.  The Court grants First Symetra's request for interpleader, discharge, and dismissal.  First Symetra's request for attorney's fees is denied as moot.

First Symetra is directed to submit a proposed judgment to the Court within seven (7) days of this Order.  The Defendants are directed to meet and confer, and to submit to the Court a status letter proposing next steps in this litigation within fourteen (14) days.

The Clerk of Court is respectfully requested to terminate ECF Nos. 19 and 24.


SO ORDERED.

Dated: December 5, 2025

New York, New York

_____

DALE E. HO
United States District Judge